IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN RE COLUMBIA PIPELINE GROUP, INC. MERGER LITIGATION | § § § § § § § | No. 99, 2021<br><br>Court Below—Court of Chancery of the State of Delaware<br><br>Consol. C.A. No. 2018-0484 - JTL |

Submitted:  March 30, 2021
Decided:  April 14, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

Upon consideration of the notice of interlocutory appeal, the supplemental notice of interlocutory appeal, and the exhibits attached thereto, it appears to the Court that:

(1)     The defendants below-appellants, Robert C. Skaggs, Jr., Stephen P. Smith, and TransCanada Corporation, have petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from a Court of Chancery opinion denying their motion to dismiss the complaint filed by plaintiffs below-appellees, former stockholders of Columbia Pipeline Group.  In the complaint, the plaintiffs alleged that the individual defendants breached their fiduciary duties in connection with TransCanada's acquisition of Columbia and that defendant TransCanada aided and abetted those breaches.  The defendants moved to dismiss the complaint for failure to state a claim under Court of Chancery Rule 12(b)(6).  Relying on a decision

in an appraisal action brought by different Columbia stockholders and a decision in a federal securities action also brought by different Columbia stockholders, the defendants argued that principles of collateral estoppel and *stare decisis* required dismissal of the complaint.

(2)    On March 1, 2021, the Court of Chancery issued an opinion denying the defendants' motion to dismiss.[1]   The court concluded that the doctrine of collateral estoppel did not apply because the plaintiffs were not parties to the appraisal action or the federal securities action and were not bound by the rulings in those actions.[2]   The court concluded that the doctrine of *stare decisis* did not apply because the claims at issue in the fiduciary duty case were different than the claims at issue in the appraisal action and the federal securities action.[3]

(3)    On March 11, 2021, the defendants filed an application for certification of an interlocutory appeal.   They argued that the interlocutory opinion decided substantial issues of material importance and that at least four of the eight Rule 42(b)(iii) criteria weighed in favor of certification.   The plaintiffs opposed the application for certification.   On March 30, 2021, the Court of Chancery denied the application for certification.

---

[1] *In re Columbia Pipeline Group, Inc. Merger Litig.*, 2021 WL 772562 (Del. Ch. Mar. 1, 2021).
[2] *Id.* at 28-29.
[3] *Id.* at 35-36, 43-49.

(4) Analyzing the Rule 42(b)(iii) criteria invoked by the defendants, the court held that that Rule 42 (b)(iii)(A) (question of law resolved for the first time in Delaware) did not weigh in favor of certification because the opinion applied settled principles of law. The court held that Rule 42(b)(iii)(B) (conflict within the trial courts on the question of law) did not support certification because there was no conflict in Delaware cases addressing the application of collateral estoppel to related actions brought by fellow stockholders or the application of *stare decisis* to related actions brought by fellow stockholders. As to Rule 42(b)(iii)(G) (interlocutory review may terminate the litigation), the court acknowledged that reversal of the opinion could terminate the litigation, but found that this provided limited support for certification. The court concluded that Rule(b)(iii)(H) (interlocutory review may serve considerations of justice) did not weigh in favor of certification because the issues in the case had not already been litigated in the appraisal action and securities action as the defendants contended. Finally, the court found that the benefits of interlocutory review would not outweigh the probable costs.

(5) Applications for interlocutory review are addressed to the sound discretion of the Court.[4] In determining whether to accept an interlocutory appeal, this Court may consider all relevant factors, including the trial court's decision about

---

[4] Supr. Ct. R. 42(d)(v).

3

whether to certify an interlocutory appeal.[5]  In the exercise of our discretion and giving due weight to the Court of Chancery's view, we have concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42.  Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[6] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[7]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[5] *Id.*
[6] *Id.* R. 42(b)(ii).
[7] *Id.* R. 42(b)(iii).